**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASHLEY WINKLER<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>TYRIQUE KENT<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>US ENFORCEMENT AGENCY, LLC<br>2619 Homecoming Lane<br>Waldorf, MD 20603<br><br>RONALD BOWMAN<br>2619 Homecoming Lane<br>Waldorf, MD 20603<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1. While Plaintiffs worked grueling schedules as security guards for US Enforcement Agency, LLC, Defendants failed to pay Plaintiffs regular, minimum, and overtime wages.

2. Plaintiffs bring this action against US Enforcement Agency, LLC and Ronald Bowman ("Defendants") to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Ashley Winkler is an adult resident of the District of Columbia.

6. Plaintiff Tyrique Kent is an adult resident of the District of Columbia.

7. Defendant US Enforcement Agency, LLC ("USEA") is a Maryland limited liability company. Its principal place of business is located at 2619 Homecoming Lane, Waldorf, MD 20603. Its registered agent for service of process is Te'ron J. Bowman, 11574 Hornbeam Court, Waldorf, MD 20603.

8. Defendant Ronald Bowman is an adult resident of Maryland. He resides at 2619 Homecoming Lane, Waldorf, MD 20603. He is an owner and member of Defendant US Enforcement Agency, LLC. He exercises exclusive control over the operations of US Enforcement Agency, LLC — including its pay practices.

## Factual Allegations Specific to Plaintiff Winkler

9. Plaintiff Winkler worked at US Enforcement Agency ("USEA") from approximately January 3, 2025 through approximately January 31, 2025.

10. When Defendants hired Plaintiff, they promised to pay her $20.00 per hour.

11. At all relevant times, Plaintiff Winkler worked for USEA at an apartment complex located at 44 Banner Lane, Washington, DC 20001.

12. Plaintiff Winkler worked for USEA as a security guard.

13. Plaintiff Winkler's job duties at USEA primarily consisted of monitoring individuals entering the building, performing identification checks, conducting regular patrols, and enforcing security policies to ensure the safety of tenants and visitors.

14. Plaintiff Winkler worked the following number of hours each workweek she worked for Defendants — and she should have been paid the following amounts:

| Workweek | Hours Worked | Promised Hourly Rate | Regular Wages Earned[1] | Overtime Wages Earned[2] | Total Wages Earned[3] |
|---|---|---|---|---|---|
| 12/30/24 – 01/05/25 | 29.10 | $20.00 | $582.00 | - | $582.00 |
| 01/06/25 – 01/12/25 | 98.35 | $20.00 | $800.00 | $1,750.50 | $2,550.50 |
| 01/13/25 – 01/19/25 | 89.45 | $20.00 | $800.00 | $1,483.50 | $2,283.50 |
| 01/20/25 – 01/26/25 | 85.40 | $20.00 | $800.00 | $1,362.00 | $2,162.00 |
| 01/27/25 – 02/02/25 | 22.30 | $20.00 | $446.00 | - | $446.00 |
| | | | **Total:** | | **$8,024.00** |

15. On February 21, 2025, Defendants paid Plaintiff Winkler just $2,990.00 via direct deposit.

16. Defendants have not made any other payment to Plaintiff Winkler besides the February 21, 2025 payment of $2,990.00.

17. Defendants owe Plaintiff Winkler approximately $5,034.00 ($8,024.00 – $2,990.00) in regular, minimum, and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Kent**

18. Plaintiff Kent worked at US Enforcement Agency ("USEA") from approximately January 4, 2025 through approximately January 31, 2025.

19. When Defendants hired Plaintiff, they promised to pay her $20.00 per hour.

20. At all relevant times, Plaintiff Kent worked for USEA at an apartment complex located at 44 Banner Lane, Washington, DC 20001.

---

[1] First forty hours worked in the workweek multiplied by the promised hourly rate.
[2] Hours over forty worked in the workweek multiplied by the promised hourly rate $\times$ 1.5.
[3] Regular Wages Earned + Overtime Wages Earned.

3

21. Plaintiff Kent worked at US Enforcement Agency as a security guard.

22. Plaintiff Kent's job duties at US Enforcement Agency primarily consisted of monitoring individuals entering the building, performing identification checks, conducting regular patrols, and enforcing security policies to ensure the safety of tenants and visitors.

23. Plaintiff Kent worked the following number of hours each workweek he worked for Defendants — and he should have been paid the following amounts:

| Workweek | Hours Worked | Promised Hourly Rate | Regular Wages Earned[4] | Overtime Wages Earned[5] | Total Wages Earned[6] |
|---|---|---|---|---|---|
| 12/30/24 – 01/05/25 | 12.60 | $20.00 | $252.00 | - | $252.00 |
| 01/06/25 – 01/12/25 | 63.15 | $20.00 | $800.00 | $694.50 | $1,494.40 |
| 01/13/25 – 01/19/25 | 75.50 | $20.00 | $800.00 | $1,065.00 | $1,865.00 |
| 01/20/25 – 01/26/25 | 60.75 | $20.00 | $800.00 | $622.50 | $1,422.50 |
| 01/27/25 – 02/02/25 | 57.30 | $20.00 | $800.00 | $519.00 | $1,319.00 |
| | | | | **Total:** | **$6,353.00** |

24. On February 25, 2025, Defendants paid Plaintiff Kent just $2,034.00 via direct deposit.

25. Defendants have not made any other payment to Plaintiff Kent besides the February 25, 2025 payment of $2,034.00.

26. Defendants owe Plaintiff Kent approximately $4,319.00 ($6,353.00 - $2,034.00) in regular, minimum, and overtime wages (excluding liquidated damages).

### Factual Allegations Common to All Plaintiffs

27. Defendant Bowman owns and operates US Enforcement Agency, LLC.

28. Defendant Bowman accepts contracts on behalf of US Enforcement Agency, LLC.

29. Defendant Bowman participates in hiring and firing employees on behalf of US Enforcement Agency, LLC.

---

[4] First forty hours worked in the workweek multiplied by the promised hourly rate.
[5] Hours over forty worked in the workweek multiplied by the promised hourly rate $\times$ 1.5.
[6] Regular Wages Earned + Overtime Wages Earned.

30. Defendant Bowman set Plaintiffs' rate and manner of pay.

31. Defendant Bowman decided whether Plaintiff's would be paid for their work — and, if so, how much they would be paid.

32. Defendant Bowman was personally aware Plaintiffs were not paid minimum, regular, and overtime wages.

33. At all relevant times, each Defendant had the power to hire and fire Plaintiffs.

34. At all relevant times, each Defendant had the power to control Plaintiffs' work schedule.

35. At all relevant times, each Defendant had the power to supervise and control Plaintiffs' work.

36. At all relevant times, each Defendant had the power to set Plaintiffs' rate and manner of pay.

37. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs the D.C. minimum wage.

38. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

39. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

40. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

41. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

42. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

43. Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

44. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

45. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

46. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

47. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

48. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

49. Defendants' violations of the FLSA were willful.

50. For their violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

51. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

52. Each Defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

53. The DCMWA required that employers pay non-exempt employees at least $17.50 per hour from July 1, 2024 through the present. D.C. Code § 32-1003(a).

54. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

55. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

56. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

57. For their violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

58. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

59. Each Defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

60. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

61. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

62. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

63. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including regular, minimum, and overtime wages.

64. For their violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$46,396.40**, and grant the following relief:

   a. Award Plaintiffs $37,412.00, consisting of the following overlapping elements:

      i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

  ii. unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

  iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $8,579.40);

d. Award Plaintiffs court costs (currently, $405.00); and

e. Award any additional relief the Court deems just.

March 28, 2025         Respectfully submitted,

                **DCWAGELAW**

                By: /s/ Justin Zelikovitz
                JUSTIN ZELIKOVITZ, #986001
                JONATHAN P. TUCKER, #1026050
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com
                jt@dcwagelaw.com

                *Counsel for Plaintiffs*