**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ASHLEY WINKLER, et al.

    Plaintiffs,

v.

U.S. ENFORCEMENT AGENCY, LLC, et al.

    Defendants.

Case No. 1:25-cv-00921-ACR

**MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs respectfully move the Court to enter a default judgment against Defendants U.S. Enforcement Agency, LLC and Ronald Bowman, jointly and severally, for the amounts requested herein.

**I.      BACKGROUND ON UNDERLYING CLAIM**

On March 28, 2025, Plaintiffs Ashley Winkler and Tyrique Kent filed this wage-and-hour action against their former employers, U.S. Enforcement Agency, LLC ("USEA") and its owner Ronald Bowman, alleging that Defendants failed to pay them regular, minimum, and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq*.; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*. *See* Compl., *Winkler v. U.S. Enf't Agency, LLC*, No. 1:25-cv-00921 (D.D.C. Mar. 28, 2025), ECF No. 1.

Both Plaintiffs worked for USEA as security guards at an apartment complex located at 44 Banner Lane, Washington, D.C. 20001. Ex. A ¶ 1 (Winkler Aff.); Ex. B ¶ 1 (Kent Aff.). Defendant

Bowman served as their supervisor and exercised control over their schedules and pay. Ex. A ¶ 2; Ex. B ¶ 2. Defendants promised to pay each Plaintiff $20.00 per hour. Ex. A ¶ 3; Ex. B ¶ 3.

Ms. Winkler worked for Defendants from approximately January 3 through January 31, 2025. Ex. A ¶ 4. She routinely worked long shifts, including many weeks exceeding forty hours. *Id*. ¶ 5. Based on $20.00 hourly rate that was promised to her, she should have earned $8,024.00 in wages. *Id*. ¶ 6. Defendants paid her only $2,990.00 on or about February 21, 2025, via direct deposit, and made no additional payments. *Id*. ¶¶ 7–8. Accordingly, Defendants owe her approximately $5,034.00 in unpaid wages (exclusive of liquidated damages). *Id*. ¶ 9.

Mr. Kent worked for Defendants from approximately January 4 through January 31, 2025. Ex. B ¶ 4. He too regularly worked long shifts exceeding forty hours per week. *Id*. ¶ 5. Based on the $20.00 hourly rate, he earned approximately $6,353.00 in wages. *Id*. ¶ 6. Defendants paid him only $2,034.00 on or about February 25, 2025, and have not made any further payments. *Id*. ¶¶ 7–8. Defendants therefore owe him approximately $4,319.00 in unpaid wages (exclusive of liquidated damages). *Id*. ¶ 9.

At all relevant times, Defendant Bowman, an owner/manager of USEA, controlled Plaintiffs' work schedules, supervised their work, and was aware of the hours they worked. Exs. A & B ¶ 2. Despite that knowledge, Defendants failed to pay Plaintiffs the required regular, minimum, and overtime wages under the FLSA, DCMWA, and DCWPCL.

## II.     PROCEDURAL HISTORY

Plaintiffs filed this action on March 28, 2025. On April 9, 2025, Defendant Ronald Bowman was served. *See* Aff. of Service, ECF No. 3. On May 7, 2025, Defendant U.S. Enforcement Agency, LLC was served. *See* Aff. of Service, ECF No. 4. Neither Defendant filed an answer or otherwise responded to the Complaint.

2

On August 6, 2025, Plaintiffs moved for entry of default against both Defendants. *See* Affs. for Default, ECF Nos. 6–7. That same day, Plaintiffs filed Military Affidavits confirming that neither Defendant is engaged in military service. *See* ECF No. 8. On August 13, 2025, the Clerk entered default as to both Defendants. *See* ECF Nos. 9–10.

On October 15, 2025, the Court entered a Minute Order noting that, pursuant to Federal Rule of Civil Procedure 55, Plaintiffs may seek entry of a default judgment following the Clerk's entry of default. Defendants have failed to appear, answer, or otherwise defend this action. Their failure to "plead or otherwise defend" is complete and unambiguous. Fed. R. Civ. P. 55(a).

## III.    LEGAL STANDARD

The Court may enter a default judgment in accordance with Rule 55 of the Federal Rules of Civil Procedure. Default judgment is appropriate "when the defendant is an 'essentially unresponsive party' whose default is 'plainly willful, reflected by its failure to respond to the summons or complaint, the entry of default, or the motion for default judgment.'" *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013) (citation omitted). The Court may enter a default judgment when a defendant "makes no request 'to set aside the default'" and "gives no indication of a 'meritorious defense.'" *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 104 (D.D.C. 2015) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008)). Although "[a] default judgment establishes the defaulting party's liability for every wellplead[ed] allegation in the complaint," it "does not automatically establish liability in the amount claimed by the plaintiff." *PT (Persero) Merpati Nusantara Airlines v. Thirdstone Aircraft Leasing Grp., Inc.*, 246 F.R.D. 17, 18 (D.D.C. 2007) (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) and *Shepherd v. Am. Broad. Cos.*, 862 F. Supp. 486, 491 (D.D.C. 1994),

*vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995)); *see also* Fed. R. Civ. P. 55(b)(2). Instead, "the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain." *Serv. Emps. Int'l Union*, 942 F. Supp. 2d at 30 (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F. Supp. 2d 89, 94 (D.D.C. 2011)). In doing so, the Court need not conduct an evidentiary hearing if it can establish a basis for the damages amount through detailed affidavits or other documentary evidence. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

## IV.    CALCULATION OF DAMAGES

Based on the allegations in the Complaint, Plaintiffs request unpaid wages, liquidated damages, attorney's fees, expenses, and court costs pursuant to the FLSA, DCMWA, and the DCWPCL.

### A.    Wages Owed

Because no records exist of the precise hours and amount paid to Plaintiffs, Plaintiffs are compelled to estimate. In this context, Plaintiffs' reasonable estimates are generally presumed to be true. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946). The Court may proceed to use Plaintiffs' recollections, as reflected in their respective declarations, which are "submitted under the penalty of perjury, as to the hours [they] worked and wages [they] received." *Martinez v. China Boy, Inc.*, 229 F. Supp. 3d 1, 3 (D.D.C. 2016) (relying on the plaintiff's declaration where the plaintiff "ha[d] not produced timesheets and the defendant ha[d] failed to respond").

Plaintiffs attach sworn declarations averring that the estimates of their hours worked, their hourly rates, and the total amounts that they were paid, are accurate. *See* Ex. A–B, ¶¶ 5–9. In each affidavit, "Total Wages Earned" for each workweek is calculated by the following formula:

$$\text{(Regular Hours} \times \text{Promised Wage)}$$
$$+ \underline{\text{(Overtime Hours} \times \text{Promised Wage} \times 1.5)}^{[1]}$$
$$= \text{Total Wages Earned}$$

*Id.* As detailed in the affidavits, Plaintiff Winkler is owed $5,034.00 in unpaid regular and overtime wages; and Plaintiff Kent is owed $4,319.00 in unpaid regular and overtime wages. *Id.*

### B.    Liquidated Damages Owed

Plaintiffs are entitled to both unpaid wages and liquidated damages. Liquidated damages are calculated by multiplying the unpaid wages by three. The DCWPCL states that an employer who does not pay wages "shall pay, or be additionally liable to, the employee, as liquidated damages, … an amount equal to treble the unpaid wages." D.C. Code § 32–1303(4). "[T]reble damages are mandatory, not discretionary, if requested." *Sivaraman v. Guizzetti & Assocs., Ltd.*, 228 A.3d 1066, 1072 (D.C. 2020). *See also Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("the liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages in addition to the actual damages in the form of unpaid wages."); *Barahona v. Rosales*, 2016 U.S. Dist. LEXIS 171521 (D.D.C. Sept. 26, 2016) ("The liquidated-damages provision of the DCMWA parallels the DCWPCL; both were changed on December 23, 2013 to impose treble damages. This is strong evidence that courts should multiply actual damages by four in the case of each statute.").

Therefore, in addition to unpaid wages, Plaintiff Winkler is entitled to $15,102.00 (3 × $5,034.00) in liquidated damages, and Plaintiff Kent is entitled to $12,957.00 in liquidated damages (3 × $4,319.00).

---

[1] Overtime pay (or hours worked over forty in a workweek) at 1 ½ times an employee's "regular rate" is provided for by D.C. Code, § 32-1003(c) and 29 U.S.C. § 207(a).

While the FLSA also provides for liquidated damages, Plaintiffs do not seek a duplicative award. Rather they request that the Court award liquidated damages pursuant to the more generous statute: the DCWPCL. *See, e.g.*, *Martinez*, 220 F. Supp. 3d at 122. ("Because [D.C. law] provides for greater liquidated damages than the FLSA . . . the Court will first assess damages under D.C. law and will not award a duplicative amount pursuant to federal law." (quoting *Ventura*, 134 F. Supp. 3d at 104).

### C.    Attorney's Fees

The DCWPCL specifies that attorney's fees should be calculated pursuant to the methodology employed in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000). "In any judgment in favor of an employee under [the DCWPCL], and in any proceeding to enforce such a judgment, the court shall award to each attorney for the employee … attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services." D.C. Code § 32-1308(b)(1).

As of the date of this motion, Plaintiffs' counsel has incurred $12,155.70 in fees at *Salazar* rates. *See* Ex. C (Fee Affidavit); Ex. D (Salazar Matrix). Plaintiff's counsel has also incurred $508.10 in costs.

### CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court enter judgment against Defendants U.S. Enforcement Agency, LLC and Ronald Bowman, jointly and severally, in the amount of **$50,075.80**, comprised of the following sums: $5,034.00 in unpaid wages and $15,102.00 in liq-

uidated damages owed to Plaintiff Winkler; $4,319.00 in unpaid wages and $12,957.00 in liqui-

dated damages owed to Plaintiff Kent; and $12,155.70 in attorney's fees and $508.10 in costs owed

to DCWageLaw.


November 10, 2025                                    Respectfully submitted,

                                                    **DCWAGELAW**

                                                    By: /s/ Justin Zelikovitz
                                                    JUSTIN ZELIKOVITZ, #986001
                                                    JONATHAN P. TUCKER, #1026050
                                                    519 H Street NW
                                                    Washington, DC 20001
                                                    Phone: (202) 803-6083
                                                    Fax: (202) 683-6102
                                                    justin@dcwagelaw.com
                                                    jt@dcwagelaw.com

                                                    *Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I certify that, on November 10, 2025, I caused to be served a copy of the foregoing on

both Defendants via first class mail:


US ENFORCEMENT AGENCY, LLC
2619 Homecoming Lane
Waldorf, MD 20603

RONALD BOWMAN
2619 Homecoming Lane
Waldorf, MD 20603


                                    /s/ Justin Zelikovitz


7